ORDER ON MOTION
---------------

|  | SUPERIOR COURT OF NEW JERSEY |
|--|--|
|  | APPELLATE DIVISION |
|  | DOCKET NO.:   AM-000582-24T5 |
| STATE OF NEW JERSEY | MOTION NO.:   M-006354-24 |
| V | BEFORE:        PART L |
| PAUL J. CANEIRO | JUDGES:        LISA ROSE |
|  | KAY WALCOTT-HENDERSON |

MOTION FILED:  07/14/2025          BY:  STATE OF NEW JERSEY
ANSWER               07/24/2025          BY:  PAUL J. CANERIO
FILED:

SUBMITTED TO COURT:    July 31, 2025

ORDER
-----

THIS MATTER HAVING BEEN DULY PRESENTED TO THE COURT, IT IS, ON THIS 5TH DAY OF AUGUST 2025 HEREBY ORDERED AS FOLLOWS:

MOTION BY   APPELLANT

MOTION FOR LEAVE TO APPEAL AN
INTERLOCUTORY ORDER
GRANTING SUPPRESSION              GRANTED AND OTHER

SUPPLEMENTAL:

In this 2018 quadruple homicide matter, the State moves for leave to appeal from a June 24, 2025 Law Division order granting defendant Paul J. Caneiro's motion to suppress the contents of a digital video recorder (DVR) seized pursuant to a warrantless search of his garage.  Following a testimonial hearing, the judge rejected the State's argument that the warrantless seizure of the DVR was justified under the exigent circumstances exception

to the warrant requirement. The judge also invalidated defendant's subsequent consent to search the DVR's contents. On appeal, the State maintains the volatile and unpredictable nature of fire, ongoing in the attached residence when the DVR was seized from the garage, presented exigent circumstances requiring police to secure the device or risk its possible destruction.

Noting jury selection is scheduled to commence on September 8, 2025, "notices have already been mailed to thousands of prospective jurors," and the family members of the victims have been "traumatized not only by their unfathomable loss, but also by the untimeliness" of defendant's trial, the State simultaneously moves to accelerate the appeal. In doing so, the State waives oral argument and supplemental briefing on its motion for leave to appeal.

Defendant opposes both motions. Arguing the judge correctly decided the suppression motion, defendant urges us to deny the State's motion for leave to appeal. In the alternative, defendant asserts "all interlocutory appeals are inherently accelerated." Accordingly, defendant contends the motion should be decided in the "ordinary accelerated course."

Having considered the State's motions in view of the procedural posture of the matter and the governing legal principles, we grant the motion for leave to appeal and summarily affirm the June 24, 2025 order substantially for the reasons stated in Judge Marc C. Lemieux's well-reasoned, twenty-four-page written decision accompanying the order, which we incorporate by reference. In doing so, we find insufficient merit in the State's reprised contentions to warrant discussion in a written opinion, R. 2:11-3(e)(2), beyond the

comments that follow. In view of our disposition on the motion for leave to appeal, we deny the State's motion to accelerate the appeal as moot.

Our review of a trial court's decision on a motion to suppress evidence is circumscribed. See State v. Miranda, 253 N.J. 461, 474 (2023). After a testimonial hearing, we "defer to the trial court's factual findings because the trial court has the 'opportunity to hear and see the witnesses and to have the "feel" of the case, which a reviewing court cannot enjoy.'" State v. S.S., 229 N.J. 360, 374 (2017) (quoting State v. Elders, 192 N.J. 224, 244 (2007)); see also State v. Locurto, 157 N.J. 463, 474 (1999) (recognizing deference is afforded because the court's findings "are often influenced by matters such as observations of the character and demeanor of witnesses and common human experience that are not transmitted by the record").

Therefore, we "must defer to the factual findings of the trial court on a motion to suppress so long as its findings are supported by sufficient credible evidence in the record." State v. Erazo, 254 N.J. 277, 297 (2023). Our deference includes the trial court's findings based on video-recorded and documentary evidence. See S.S., 229 N.J. at 374-81 (clarifying the deferential and limited scope of appellate review of factual findings based on video-recorded evidence); see also State v. Tillery, 238 N.J. 293, 314 (2019); State v. McNeil-Thomas, 238 N.J. 256, 271-72 (2019). "A trial court's legal conclusions, 'however, and the consequences that flow from established facts,' are reviewed de novo." State v. Bullock, 253 N.J. 512, 532 (2023) (quoting State v. Hubbard, 222 N.J. 249, 263 (2015)).

In the present matter, Judge Lemieux considered the evidence adduced at the testimonial hearing during which the State presented the testimony of two law enforcement

officers and moved into evidence photographs of the scene and two body worn camera videos. Following closing statements, the judge reserved decision and later the same month issued a thoughtful written decision squarely addressing the issues raised in view of the governing law.

Crediting the testimony of both officers, Judge Lemieux nonetheless found "the deliberate approach taken to locate, retrieve, and seize the DVR, following the extinguishment of the garage fire and the establishment of scene control, was inconsistent with what an objectively reasonable officer would have done under the same circumstances." Although the judge recognized "the officers were pursuing legitimate investigative objectives," he found "the sequence of events, manner of entry, and lack of demonstrated exigency at the time of the seizure d[id] not satisfy the standard required to excuse the warrant requirement under settled law."

Citing the United States Supreme Court's decision in Michigan v. Tyler, 436 U.S. 499, 509 (1973), the judge acknowledged "the unpredictability of fires can justify warrantless action in some circumstances." However, the judge recognized subsequent federal and state case law "make[s] clear that this allowance is not limitless." See Michigan v. Clifford, 464 U.S. 287, 297-98 (1984) (holding the scope of a warrantless search "is limited to that reasonably necessary to determine the cause and origin of the fire and to ensure against rekindling" but a warrant is necessary when the fire's cause is known). Similar to the facts in Clifford, the judge found in the present matter, "the fire department and investigators had identified the suspicious origin of the fire, located

potential accelerants, and determined that a criminal investigation was warranted" before seizing the DVR.

Citing the testimony adduced at the hearing, the judge further found, although the fire in "the residence remained active," the small fire "just inside a garage door . . . had been fully extinguished for nearly thirty minutes."  Further, "the garage was located at the farthest possible point from the remaining fire."  Accordingly, the judge was convinced "the garage was no longer an area of active suppression or investigation tied to imminent danger."  Thus, "[t]he entry into that space and removal of the DVR . . . exceeded the limits of any ongoing exigency."

We conclude Judge Lemieux's factual findings are fully supported by the motion record, warranting our deference.  See Erazo, 254 N.J. at 297.  Based on our de novo examination of the record, see Bullock, 253 N.J. at 532, we further conclude the judge's legal determinations are unassailable.

The motion for leave to appeal is affirmed; the motion to accelerate the appeal is denied as moot.

FOR THE COURT:

_____
LISA ROSE, J.A.D.

MONMOUTH   19-02-00283-I
ORDER - REGULAR MOTION
MMH